UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

TIMOTHY DUMPSON,

                              Plaintiff,                    9:04-CV-1419
                                                           (NAM)(DEP)

        v.

GLENN S. GOORD, Commissioner of DOCS; LUCIEN J.
LECLAIRE, JR., Deputy Commissioner; DONALD SELSKY,
Director of SHU; ANTHONY ANNUCCI, Deputy
Commissioner and Counsel; RICHARD D. ROY, Inspector
General of DOCS; MICHAEL MCGINNIS, Superintendent of
Southport Correctional Facility; R.K. WOODS,
Superintendent of Upstate Correctional Facility; LABOR
RELATIONS,

━━━━━━━━━━━━━━━━━━━━━━━━   Defendants.   ━━━━━━━
APPEARANCES:

TIMOTHY DUMPSON
Plaintiff, *pro se*
86-B-2265
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

NORMAN A. MORDUE, DISTRICT JUDGE

**DECISION AND ORDER**

        The Clerk has sent to the Court the Amended Complaint submitted for filing by

Timothy Dumpson ("plaintiff").  Dkt. No. 7.  Plaintiff filed the Amended Complaint in

accordance with this Court's March 14, 2005 Order ("March Order").

        As discussed in the March Order, plaintiff claims that officials of the New York State

Department of Correctional Services ("DOCS") violated plaintiff's due process rights in the

conduct of multiple Tier II and Tier III disciplinary hearings between 1987 and 1996.

Plaintiff asserts that the hearings violated his due process rights because they were

conducted by DOCS employees who, in performing the duties of hearing officers, were working out-of-title within the meaning of New York Civil Service Law § 61(2) ("section 61(2)"). Plaintiff asserts that his claims are not time-barred because the statute of limitations did not begin to run until December 21, 2003, when plaintiff first read the text of section 61(2).

In the March Order, the Court advised plaintiff that "[t]he mere allegation that the hearing officers might have been working out-of-title is not sufficient to state a claim for the violation of plaintiff's due process rights," and therefore plaintiff's original pleading failed to state a claim against the named defendants upon which relief could be granted. Dkt. No. 6 at 5. The Court also advised plaintiff that his contention that the date he first read the statute can be found to be the date on which his claims accrued was unsupported by legal authority and lacked merit. In light of plaintiff's *pro se* status, he was afforded an opportunity to file an amended complaint prior to this action being dismissed.

A review of plaintiff's amended complaint reveals that it does not cure the deficiencies in his original pleading. In his amended complaint, plaintiff merely reasserts his claim that his due process rights were violated because DOCS employees were working out-of-title in conducting plaintiff's disciplinary hearings. Plaintiff also fails to set forth in his amended complaint any facts establishing the timeliness of his claims.

In light of the foregoing and for the reasons set forth in the March Order, plaintiff's amended complaint fails to state a claim upon which relief can be granted and is hereby dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed due to plaintiff's failure file an amended

2

complaint which states a claim upon which relief can be granted against the named

defendants, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.


Dated:   May 4, 2005
         Syracuse, NY

Norman A. Mordue
U.S. District Judge

3